## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

| | |
|---|---|
| SILVIANO SANCHEZ; MARIA RODRIGUEZ MARTINEZ<br><br>　　　　Plaintiffs,<br>　　v.<br><br>ALEJANDRO MAYORKAS, U.S. Secretary of Homeland Security; ANTONY J. BLINKEN, U.S. Secretary of State; U.S. DEPARTMENT OF STATE, an Agency of the United States;  TRACY RENAUD, Director of U.S. Citizenship and Immigration Services; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, an agency of the United States; MONTY WILKINSON, U.S. Attorney General; CHRISTOPHER WRAY, Director of Federal Bureau of Investigations; FEDERAL BUREAU OF INVESTIGATIONS; in their official capacity,<br><br>　　　　Defendants. | Case No.: 1:21-cv-00146 |

## AMENDED COMPLAINT FOR WRIT OF MANDAMUS AND DECLARATORY JUDGMENT

1.     Plaintiff, Maria Rodriguez Martinez ("Rodriguez") and her U.S. citizen spouse Silviano Sanchez ("Sanchez") respectfully submit this complaint to compel Defendants and those acting under them to take all appropriate action to adjudicate her application for an Immigrant Visa without further delay.

2.     Plaintiff Sanchez, a U.S. citizen, properly filed Form I-130 petition for his foreign national spouse with the Defendant U.S. Citizenship and Immigration Services ("USCIS") on February 14, 2019. Though normal processing times at the service center where the petition was filed are 6-8 months, Plaintiff Sanchez's petition was unreasonably delayed for 24 months. The

petition was ultimately approved on February 12, 2021, as Plaintiffs were preparing the original Complaint in this case.

3.     Though the I-130 was finally approved, this case is still unreasonably delayed and well outside normal processing times as other applicants in the same geographical area are able to complete the entire process from filing the petition to completing the consular interview abroad in the same two years that it took Defendant USCIS to approve just the I-130 on this case.

4.     Plaintiffs' case remains within the jurisdiction of Defendants, who have improperly withheld action for an unreasonable period of time, to the detriment of Plaintiffs who are long separated from each other and Plaintiff Sanchez is experiencing health issues.

## JURISDICTION AND VENUE

5.   This is a civil action brought pursuant to 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."). Jurisdiction is further conferred by 8 U.S.C. § 1329 (jurisdiction of the district courts) and 28 U.S.C. § 1331 (federal subject matter jurisdiction).

6.   Jurisdiction is also conferred pursuant to 5 U.S.C. §§ 555(b) and 702, the Administrative Procedure Act ("APA"). The APA requires Defendants to carry out their duties within a reasonable time. 5 U.S.C. § 555(b) provides that "[w]ith due regard for the convenience and necessity of the parties or their representatives and *within a reasonable time*, each  agency *shall* proceed to conclude a matter presented to it." (Emphasis added). USCIS is  subject to 5 U.S.C. § 555(b). *See Trudeau v. FTC*, 456 F.3d 178, 185 (D.C. Cir. 2006) (finding that district court has jurisdiction under the APA, in conjunction with 28 U.S.C. § 1331,  to  review  plaintiff's  complaint  for  declaratory  and  injunctive  relief  against  federal

agency).  When the statute is silent as to an actual deadline to adjudicate an application or petition, the agency is subject to the general reasonableness requirements of the APA.  *Forest Guardians v. Babbitt*, 174 F.3d 1178, 1190 (10th Cir.1999).

7.  8 U.S.C. § 1252, does not  deprive this Court of jurisdiction.  8 U.S.C. § 1252(a)(5) provides that "a petition for review filed with an appropriate court of appeals in accordance with this section, shall be the sole  and exclusive means for judicial review of an order of removal entered or issued under  any provision of this Act[.]"  As the present action does not seek review of a removal  order, but is simply an action to compel the Department of State to adjudicate Plaintiff's unreasonably  delayed immigrant visa case, this Court retains original mandamus jurisdiction under 28 U.S.C. §  1361. The 10th Circuit Court of Appeals has construed 8 U.S.C. § 1252 narrowly and has consistently found it lacks jurisdiction to review anything outside of a removal order.  *Aguilar-Aguilar v. Napolitano*, 700 F.3d 1238, 1243 (10th Cir. 2012); *Hamilton v. Gonzales*, 485 F.3d 564, 565–66 (10th Cir. 2007); *Uanreroro v. Gonzales*, 443 F.3d 1197, 1203 (10th Cir.2006) ("We have general jurisdiction to review only a final order of removal."); *Abiodun v. Gonzale*s, 461 F.3d 1210, 1217 (10th Cir. 2006); *Tsegay v. Ashcroft*, 386 F.3d 1347, 1353 (10th Cir. 2004).

8.  Furthermore, 8 U.S.C. § 1252(a)(2)(B) provides that no court shall have jurisdiction to review  either (i) "any judgment regarding the granting of" various forms of relief from removal, or (ii) "any other decision or action of the Attorney General or the Secretary of Homeland  Security the authority for which is specified … to be in the discretion of the Attorney General or the Secretary of Homeland Security[.]"  Because adjudication of a properly  filed  immigrant visa application, including the scheduling of an interview is neither a judgment regarding the granting of  relief from removal nor a decision or action that is specified to be in the discretion of the

Attorney General or the Secretary of Homeland Security, the Court retains original mandamus jurisdiction over this claim. *See Kim v. USCIS,* 551 F.Supp.2d 1258 (D. Colo. 2008); *Liu v. Novak*, 509 F. Supp. 2d 1, 5 (D.D.C. 2007) (holding that "the Court does have jurisdiction over plaintiff's APA claim that defendants have unreasonably delayed adjudicating his application" for adjustment of status); *Villa v. U.S. Dep't of Homeland Sec.*, 607 F. Supp. 2d 359, 366 (N.D.N.Y. 2009) ("[T]he Defendant has the discretionary power to grant or deny applications, but it does not have the discretion as to whether or not to decide at all."); *Aslam v. Mukasey*, 531 F. Supp. 2d 736, 739 (E.D. Va. 2008) ("[T]he Court retains jurisdiction under the APA to determine whether the Secretary [of Homeland Security] has unlawfully delayed or withheld final adjudication of a status adjustment application."). Numerous federal district courts have ruled that adjudication of properly filed immigration petitions and immigrant visa applications, including completion of all necessary background checks, is a purely ministerial, non-discretionary act which the Government is under obligation to perform in a timely manner. *See, e.g.*, *Shahid Khan v. Scharfen*, 2009 U.S. Dist. LEXIS 28948 (N.D. Cal. Apr. 6, 2009); *Nigmadzhanov v. Mueller*, 550 F. Supp. 2d 540 (S.D.N.Y. 2008); *Jones v. Gonzales,* Slip Copy, 2007 U.S. Dist. LEXIS 45012 (S.D. Fla. June 21, 2007) ("[N]o agency responsible for resolving matters of public interest should be free to let those matters pend in perpetuity; otherwise would be to relieve the agency of its Congressionally-mandated duty to the public.").

9. Both the regulations and the Immigration and Nationality Act provide numerous examples of duties owed by USCIS in the adjudication of immigration petitions and visa applications such as this one. 8 U.S.C. § 1103 provides that "[t]he Secretary of Homeland Security *shall* be charged with the administration and enforcement of this Act and all other laws relating to the immigration and naturalization of aliens[.]" (Emphasis added). "All

immigrant visa applications shall be reviewed and adjudicated by a consular officer." 8 U.S.C. § 1202(b). Under 8 U.S.C. § 1202(h) "[T]he Secretary of State *shall* require every alien applying for a nonimmigrant visa--1) who is at least 14 years of age and not more than 79 years of age *to submit to an in person interview* with a consular officer unless the requirement for such interview is waived." (Emphasis added). The  regulations  further  provide  that  "If the application is granted, the alien *shall* be notified of the decision. If the application is denied, the applicant *shall* be notified in writing of the decision and the reasons for the denial."  8 C.F.R.  § 274a.13(b)-(c)(emphasis added). The  language  of  the  statute  and  the  above-cited regulations is mandatory, not discretionary, and the Defendants have a clear duty to  adjudicate the immigrant visa case pending before them.

10. This suit is not foreclosed by the doctrine of consular non-reviewability, because it challenges government inaction and not a final agency action. *See Gonzalez v. Trump*, 485 F.Supp.3d 145, 176 (D.D.C. 2020) ("But not every legal challenge that touches on the admission or exclusion of foreign nationals is foreclosed by consular non-reviewability."); *Moghaddam v. Pompeo*, 424 F. Supp. 3d 104, 114 (D.D.C. 2020) (*quoting Patel v. Reno*, 134 F.3d 929, 931–32 (9th Cir. 1997)) ( "when the suit challenges inaction, 'as opposed to a decision taken within the consul's discretion,' there is jurisdiction."; *see also Nine Iraqi Allies Under Serious Threat Because of Their Faithful Serv. to the United States v. Kerry*, 168 F. Supp. 3d 268, 290 (D.D.C. 2016) ("[T]he doctrine of consular nonreviewability is not triggered until a consular officer has made a decision with respect to a particular visa application.").

11. As set forth below, the delay in processing Plaintiffs' case is unreasonable.

12.     Venue is proper in New Mexico pursuant to 28 U.S.C. §1391(e)(1)(C).  Plaintiffs sues the Defendants in their official capacities as officers and employees of the United States. Plaintiff Sanchez resides within this District.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

13. No exhaustion requirements applies to the Plaintiffs' complaint for a Writ of Mandamus.  The Plaintiffs are owed a duty – the adjudication of the immigrant visa case. Defendants have unreasonably delayed  and failed to adjudicate the Plaintiffs' case for more than 27 months.  Plaintiffs have  no  other  adequate  remedy  available  for  the  harm  t hey seek  to redress – the failure of Defendants to process the visa application in a timely manner.

## PARTIES

14. Plaintiff Sanchez is citizen of the United States. He filed an I-130 Petition for Alien Relative on behalf of his foreign national wife, Plaintiff Rodriguez. Adjudication of this petition was unreasonably delayed until for two years, before it was finally approved on February 12, 2021. While waiting for the adjudication of his petition he has been separated from his wife as she was unable to apply for a green card to reunite with him in the U.S. until this petition was approved. Now he continues to suffer as he waits for her interview to be scheduled.

15. Plaintiff Rodriguez is a citizen of Mexico, the spouse of a U.S. citizen, and the beneficiary of a recently approved I-130 petition. Due to the delay in adjudication of the I-130 petition, Plaintiff Rodriguez has been separated from her U.S. citizen spouse for over two years and unable to apply for a green card to come to the U.S. to support him.

16. Defendant Alejandro Mayorkas is the Secretary of the Department of Homeland Security (DHS), and as such is charged by statute with the administration and enforcement of the

Immigration and Nationality Act and all other laws relating to the immigration and naturalization of aliens.  He is sued in his official capacity only.

17. Defendant Antony Blinken is the United States Secretary of State and as such is the head of the Department of State. He is sued in his official capacity only.

18. United States Department of State is an agency of the United States in charge of issuing immigrant visas such as the one Plaintiff has applied for.

19. Defendant Tracy Renaud is the Director of United States Citizenship and Immigration Services (USCIS) of the DHS and as such is charged with the administration and enforcement of the Immigration and Nationality Act and all other laws relating to the immigration and naturalization of aliens pursuant to a delegation of authority from the Secretary of Homeland Security of the United States under 8 U.S.C. § 1103(a).  She is sued in his official capacity only.

20. United States Citizenship and Immigration Services (USCIS) is an agency of the United States in charge of reviewing and deciding benefit applications including I-130 Petitions such as Plaintiff's.

21. Defendant Monty Wilkinson is the Attorney General of the United States.  He is charge of the Federal Bureau of Investigations (FBI) which, in turn, is in charge of conducting background checks for I-130 Petitions.  He is sued in his official capacity only.

22. Defendant Christopher Wray is the Director of the FBI.  He is the head of the agency in charge of conducting background checks for applicants of I-130 Petitions. He is sued in his official capacity only.

23. Defendant FBI is an agency of the United States in charge of conducting background checks for applicants for immigration related benefits.

24. Defendants are in charge of the processing and adjudication of applications and related background checks for immigration related benefits.

## **LEGAL FRAMEWORK**

Immediate Relative Petitions:

25. Spouses of U.S. citizens are considered "immediate relatives" for the purpose of visa petitions and are not subject to numerical visa limits. 8 U.S.C. § 1151(b)(2)(A)(i).

26. Form I-130 is used to petition for qualifying relatives. It is the first step in applying for an immigrant visa.

27. USCIS "will generally approve your Form I-130 if you can establish a relationship between you and your relative that qualifies them to immigrate to the United States." https://www.uscis.gov/i-130.

Immigrant Visas:

28. Upon approval of the visa petition, the Secretary of Homeland Security can either change or extend the status of the foreign national if he is in the United States, or forward a copy of the approval to the Department of State so that foreign nationals who are outside the United States can apply for a visa stamp to enable them to enter the United States and be admitted in the status for which they were petitioned.

29. The National Visa Center reviews the necessary documentation and issues a determination that an applicant is "documentarily qualified" before forwarding the application to the consulate for interview.

30. The Department of State, in turn, interviews the foreign national at a U.S. consulate post abroad. 8 U.S.C. § 1201.

31. The Department of State fingerprints applicants and transmits those fingerprints

8

electronically to the FBI in order to conduct background checks. The background checks are typically instantaneous as the vast majority of visa applicants are issued visas within three days of being fingerprinted.

32. Even during the current pandemic, immigrant visas are being prioritized for processing at consular posts abroad, and among those, spouses of U.S. citizens have the highest priority.

33. On March 1, 2021, the U.S. Department of State issued a press release titled "Briefing with Consular Affairs Acting Deputy Assistant Secretary for Visa Services Julie M. Stufft on the Current Status of Immigrant Visa Processing at Embassies and Consulates." (Exhibit D). The press release states "we've prioritized the processing of immigrant visas, full stop, at every post… we will continue to prioritize the processing of immigrant visas for spouses and children of U.S. citizens…" (Exhibit D).

## FACTUAL AND PROCEDURAL BACKGROUND

34. U.S. citizen Plaintiff Sanchez filed an I-130 Petition application for his wife, Plaintiff Rodriguez, which Defendant USCIS received on February 14, 2019. The I-130 was receipted in by the Nebraska Service Center. (Exhibit A).

35. Defendant USCIS' posted case processing times for an I-130 Petition filed by a U.S. citizen for his spouse at the Nebraska Service Center is six to eight months. (Exhibit C).

36. On January 24, 2020, almost a year after the Petition had been filed, Defendant USCIS mailed a Transfer Notice stating that the case would be transferred to the Vermont Service Center.

37. On February 14, 2020 Defendant USCIS mailed a Request for Evidence to Plaintiff, requesting passport-style photographs. (Exhibit B). Plaintiff immediately submitted the requested documentation on February 24, 2020.

38. The Request for Evidence stated that processing of the form will resume upon receipt of the response, and that the petitioner should have a response from USCIS *within 60 days*. (Exhibit B). Another year passed from when the Request for Evidence was issued and Defendants finally approved Plaintiff's Petition on February 12, 2021, as Plaintiffs were preparing their initial Complaint in this case.

39. Plaintiffs took every action possible to speed up adjudication on their case and inquire as to why it was unreasonably delayed. On April 8, 2020, Plaintiff Sanchez filed an I-129F for his spouse to join him in the U.S. in K-3 status, as their petition had already taken more than a year and the couple was suffering from the separation.

40. Plaintiffs filed an Online Case Inquiry with Defendant USCIS on July 8, 2020 and was told to expect a response by July 30, 2020, but no response came.

41. On August 19, 2020, Plaintiff filed an Ombudsman Request to inquire about the status of his unreasonably delayed I-130 Petition.

42. On November 21, 2020, the Ombudsman office sent an automatic reply to Plaintiff's request indicating that they would contact Defendant USCIS regarding Plaintiff's Petition.

43. On December 10, 2020, new counsel for Plaintiffs contacted Defendant USCIS to enter appearance as Attorney of Record and inquire about prior unsuccessful online inquiries and Ombudsman requests.

44. Plaintiffs uploaded the required documents to the National Visa Center and received an email on April 27, 2021 notifying them that their case is documentarily qualified. The email

states that the National Visa Center will work with the U.S. Consulate in Ciudad Juarez, Mexico to schedule an immigrant visa interview.

45. While waiting over two years for adjudication of his petition that should have taken six to eight months, Plaintiffs, a married couple, have been separated and suffering substantial harm to their physical, mental, and financial health.

46. Plaintiff is experiencing severe financial hardship as he must make regular international trips to visit his spouse, taking unpaid leave from work to do so.

47. For most spouses of U.S. citizens applying in Mexico, the entire process from filing the I-130 until approval of the immigrant visa application takes approximately two years. Plaintiffs' case has already been pending for 27 months and they were only recently put in the line for interview.

48. Under normal processing times, Plaintiffs' entire immigrant visa case would have been adjudicated in the time it took for Defendants to adjudicate just their I-130 petition.

49. Due to Defendants' unreasonable delay, Plaintiffs' case is now at the back of an immense backlog of immigrant visa petitions awaiting interview in Ciudad Juarez, Mexico.

## CAUSES OF ACTION

## COUNT ONE

## DECLARATORY JUDGMENT

50. The allegations contained in paragraphs 1 through 49 above are repeated and re-alleged as though fully set forth herein.

51. Pursuant to 28 U.S.C. § 2201 et seq. the Court may declare the rights of the parties and such declaration shall have the force and effect of a final judgment or decree.

52. Defendants in this case have failed to finish adjudication of the immigrant visa petition. This failure to act is against the law, has caused, and continues to cause harm to Plaintiffs. Therefore issuance of a declaratory judgment that Defendants' lack of action is against the law and violates the APA is warranted.

## COUNT TWO

## VIOLATION OF 5 U.S.C. §§ 702, 704,706 (APA CLAIMS)

53. The allegations contained in paragraphs 1 through 49 above are repeated and re-alleged as though fully set forth herein.

54. Plaintiffs have suffered a "legal wrong" or has been "adversely affected or aggrieved" by agency action. 5 U.S.C. § 702. Plaintiffs are aggrieved by agency action for which there is no other adequate remedy in court. 5 U.S.C. § 704.

55. The inaction is arbitrary, capricious, and exceeds Defendants' statutory authority. 5 U.S.C. § 706(c)(2). The delays are a violation of the APA which mandates that a decision be made in a timely manner.

## COUNT THREE

## RELIEF UNDER THE MANDAMUS ACT

56. The allegations contained in paragraphs 1 through 49 above are repeated and re-alleged as though fully set forth herein.

57. Plaintiffs have a claim for mandamus relief under 28 U.S.C. § 1361 which provides the authority to compel the agency to perform a duty owed to Plaintiffs. Defendants have failed to properly adjudicate Plaintiff's immigrant visa for over 27 months.

58. A mandamus plaintiff must demonstrate that: (i) he or she has a clear right to the relief requested; (ii) the defendant has a clear duty to perform the act in question; and (iii) no

other adequate remedy is available. *Power v. Barnhart*, 292 F.3d 781, 784 (D.C. Cir. 2002);

*Citizens for Ethics and Responsibility in Wash. v. Cheney*, 593 F. Supp. 2d 194, 219 (D.D.C.

2009); see also *Liu*, 509 F. Supp. 2d at 10 (holding, in mandamus suit alleging unreasonable

agency delay, that ""the statutory duty involved [in such cases] … does not specify what course

of action shall be taken. Rather, regardless of what course it chooses, the agency is under a duty

not to delay unreasonably in making that choice"") (quoting *Sierra Club v. Thomas*, 828 F.3d

783, 794 (D.C. Cir. 1987)); *Aslam*, 531 F. Supp. 2d at 743 ("[T]he Court concludes that CIS has

a legal obligation to adjudicate Aslam's petition within a reasonable period of time."). The

Plaintiffs clearly meets all three of these criteria.

59. Plaintiffs have fully complied with all of the statutory and regulatory requirements for

seeking an immigrant visa, including prompt submission of all necessary forms and supporting

documents.

60. Defendants have unreasonably failed to adjudicate the Plaintiff's immigrant visa for

over 27 months, thereby depriving Plaintiffs of their rights under 8 U.S.C. § 1255. Pursuant to 5

U.S.C. §§ 555(b) and 702 (APA), "[w]ith due regard for the convenience and necessity of the

parties or their representatives and *within a reasonable time*, each agency shall proceed to

conclude a matter presented to it." (Emphasis added).

61. The Defendants owes the Plaintiffs a duty to adjudicate the immigrant visa, pursuant

to the statute and its implementing regulations, and have unreasonably failed to perform that

duty. See, e.g., *Northern States Power Co. v. U.S. Dep't of Energy*, 128 F.3d 754, 761 (D.C. Cir.

1997) (issuing writ of mandamus to preclude government defendant "from excusing its own

delay" in complying with a clear statutory obligation). Plaintiffs have no alternative means to

obtain adjudication of the immigrant visa application and their right to issuance of the writ is

"clear and indisputable." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988); see also *Power*, 292 F.3d at 784; *Matter of Sealed Case*, 151 F.3d at 1063 (holding that mandamus is an appropriate remedy whenever a party demonstrates a clear right to have an action performed by a government official who refuses to act and that no other adequate means to attain the relief exist).

62. The Court's intervention is also appropriate because Defendants have failed to act within a reasonable period of time. See, e.g., *Sierra Club*, 828 F.3d at 794 (holding that "regardless of what course it chooses, the agency is under a duty not to delay unreasonably in making that choice"); *Northern States Power*, 128 F.3d at 760 ("Given DOE"s repeated attempts to excuse its delay … we find it appropriate to issue a writ of mandamus …."); *Liu*, 509 F. Supp. 2d at 9-10 (holding that the APA requires the government to act within a reasonable period of time). Plaintiffs have already waited more than 27 months for adjudication of the I-130 petition alone, well beyond the agency's own published processing timeframe. This is an unacceptable and unreasonable delay.

63. Plaintiffs are entitled to action on the long-pending immigrant visa application because an unreasonable amount of time has passed since the application was filed. Defendants have failed to carry out the adjudicative and administrative functions delegated to them by law, to the ongoing harm and prejudice of Plaintiffs.

64. Defendants' delay is without justification and has forced the Plaintiffs to resort to this Court for relief, and the Plaintiffs are entitled to attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(2).

## PRAYER FOR RELIEF

WHEREFORE, in view of the arguments and authority noted herein, Petitioner prays that the Court grant the following relief:

A.  Assume jurisdiction over the matter;

B.  Issue a declaratory judgment holding that Defendants' unreasonable delay in adjudicating the immigrant visa is unlawful and contrary to law.

C.  Order Defendants and those working under them to immediately schedule Plaintiff Rodriguez for an interview and finalize adjudication of her immigrant visa.

D.  Award reasonable attorney fees and costs pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504, 28 U.S.C. § 2412 and pursuant to 42 U.S.C. § 1988(b), and

E.  Grant any and all further relief this Court deems just and proper.

Dated this 12th day of May 2021.

/s/ Heather Kryzak.

Heather Kryzak
Attorney for Plaintiffs
Noble Vrapi
5931 Jefferson St.. NE, Suite A
Albuquerque, NM 87109
Phone:  (505) 352-6660
Fax:  (505) 872-6120
heather@noblevrapi.com